TORBERT, Chief Justice
(concurring specially).
I concur specially in order to draw attention to the unusual facts in this case and the evidentiary difficulties inherent in plaintiff’s theory of recovery for loss of employment.
An employer can discharge an employee, hired under a contract at will, for any reason, including a malicious one, and the employee cannot recover for wrongful termination of employment. See, e.g,, Hinrichs v. Tranquilaire Hosp., 352 So.2d 1130 (Ala.1977). Yet, loss of employment can constitute an element of damage in a malicious prosecution claim. See Restatement (Second) of Torts § 671 (1965). See generally C. Gamble & D. Corley, Alabama Law of Damages §§ 36-39 (1982).
This case is confusing because it does not involve the usual facts which give rise to a malicious prosecution action. Typically, A maliciously prosecutes B. As a result, B’s employer, company C, discharges him. In the subsequent suit by B against A, B may recover for his loss of employment with C. *796 In the present action, Kimberly-Clark Corporation is both the employer and the malicious prosecutor. This factual twist appears to create a conflict between these doctrines. If plaintiff is permitted to recover against Kimberly-Clark, we would appear to be approving an exception to the rule that an employee at will cannot recover for wrongful termination. By the same token, if plaintiff is not allowed to recover employment damages, then we would be denying him just compensation merely to prevent the appearance of conflict with the employee termination doctrine.
The solution to this dilemma is to consider whether plaintiff, in this case, can prove that his loss of employment was caused by Kimberly-Clark’s malicious prosecution. Although the facts which gave rise to criminal charges were the same as those which led to plaintiff’s termination, the actual filing of criminal charges (the gravamen of the malicious prosecution action) probably did not cause plaintiff’s termination. In virtually every case where the employer and malicious prosecutor are the same, the employee will be unable to prove that his termination was caused by the filing of criminal charges. It seems unlikely that a company would file criminal charges against an employee and still retain his services.
Although plaintiff probably cannot demonstrate in this action that the prosecution caused his termination, the loss of employment is a proper element of damage in a malicious prosecution case. Since plaintiff was not given an opportunity to present evidence aimed at proving that the malicious prosecution caused his loss of employment, I concur in remanding this case to the trial court for further proceedings.